## Case No. 12,254.

### In re SALKEY et al.

[6 Biss. 280;[1] 11 N. B. R. 516; 7 Chi. Leg. News, 195.]

Circuit Court, N. D. Illinois. Feb., 1875.

BANKRUPTCY—FAILURE BY BANKRUPT TO ACCOUNT —FULL DISCLOSURE—RE-EXAMINATION.

1. Under the twenty-sixth section of the bankrupt act the district court has authority to commit a bankrupt, if satisfied that he has not fully disclosed the facts concerning his property.

[Cited in Re How, Case No. 6,747.]

2. The court is not bound to accept his answer that he has told all that he knows about his property, if it clearly appears that there is still property unaccounted for.

3. The district court must be satisfied that he has made a full disclosure, and it seems that the circuit court has power to review the finding if the evidence is brought before it.

[Cited in Re Mooney, Case No. 9,748.]

4. The circuit court may direct the district court to allow the bankrupt to be re-examined before the register; and on the return of an attachment the court should examine the bankrupt.

[Cited in Re Mooney, Case No. 9,748.]

In bankruptcy. Application by bankrupts [Samuel Salkey and Joseph Gerson] for a writ of habeas corpus, to discharge them from an order of commitment for contempt made by the district court. For opinion of the district court on the commitment, see [Case No. 12,253].

[For prior proceedings in this litigation, see Case No. 12,252.]

Grant & Swift, for petitioners.

Tenneys, Flower & Abercrombie, for creditors.

DRUMMOND, Circuit Judge. The material facts in this case are these: Proceedings in bankruptcy were commenced against the petitioners in the district court of this district, and while they were pending, application was made to the court for leave to examine the alleged bankrupts under the twenty-sixth section of the bankrupt law, and they were accordingly examined. The result of the examination seems not to have been satisfactory to the creditors, and an application was again made to the court and the court required the parties to go before the

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

register a second time, the court not being satisfied that the bankrupts had given a full and true account of their property. They, in pursuance of the order of the court, went before the register again, and were interrogated in a general way, and required to give a full and satisfactory account of all their assets, and they in substance stated that they had given all the account they could; that they had turned over their property to the marshal under the warrant issued, and that that, together with their losses, was the only account they could give.

This being reported to the court, an attachment was issued against them, and they were brought before the court, and the question argued as to the right of the court to commit them for not giving a satisfactory account of their property. And I think the fair inference is, that they had taken their stand upon the answer they had given, and were not inclined to say anything further; because it is manifest, if they had come before the court, and had said that they were willing to give further answers in relation to their property, the court would not have made the order of committal. The court accordingly directed the parties to be imprisoned for non-compliance with its order.

There is not brought before me on this application for a writ of habeas corpus, the testimony which was considered by the district court, and on which that court found that the parties had not given a full and satisfactory account of their property. The result was an adjudication by the district court to this effect: That there was shown to be in possession of the bankrupts, at a certain time, property not contained in their schedule, and of which they gave no account, to the amount of about $20,000; that the parties had fraudulently, and with the intent to deceive, delay and hinder their creditors and the officers of the court in the administration of their affairs, concealed the $20,000 worth of merchandise, or the proceeds thereof, and refused to account for the same; therefore the court committed them.

It seems to me that the only inquiry in this court at present is, whether the district court had, in the case stated, the power to imprison the parties. The clause of the 26th section of the bankrupt law declares that, "The bankrupt shall at all times, until his discharge, be subject to the order of the court, and shall at the expense of the estate, execute all proper writings and instruments, and do and perform all acts required by the court touching the assigned property or estate, and to enable the assignee to demand, recover and receive all the property and estate assigned, wherever situated. And for neglect or refusal to obey any order of the court, such bankrupt may be committed and punished for a contempt of court."

Now, upon the theory on which the court proceeded, and if the facts were as found by the court, had the court authority to impris-

on these parties, although, upon being recalled before the register, they said they had told all they knew upon the subject?

Was the court absolutely bound by that answer? It seems to me very clear that it was not. The main object of the bankrupt law is to distribute the property of the bankrupt to his creditors equally. The creditors are entitled (or the assignee representing the creditors is entitled), to all his property, and the bankrupt law assumes that the bankrupt may possess knowledge in relation to the property which should be communicated to the creditors and the assignee; therefore it is that the law gives authority for the examination of the bankrupt, and requires him to make a full disclosure as to his property.

It would be a most extraordinary state of affairs if the bankrupt could spirit away any amount of property, and that fact should be made manifest to the court, and there should be no power in the court to compel him to state what had become of it. That would be manifestly a most unsatisfactory bankrupt law, if the bankrupt could hold back and say, "I have given all the information on this subject that I choose to give or that I can give, and you must help yourselves as best you can," although it may be manifest beyond all controversy, that he has concealed a large amount of property.

It seems to me that it was one of the objects of the 26th section to provide that the bankrupt should impart all the information he possesses in relation to the property; and that is one of the grounds upon which the court proceeded, that they did not tell where the property was, or what had become of it. One of the objects of the law is, "to enable the assignee to demand, recover and receive all the property and estate assigned, wherever situated."

Now suppose in this case that the bankrupts have turned over to their wives, or some near relative or friend, for their own use, twenty thousand dollars worth of property. Is the court to be satisfied simply because they say: "We do not know anything about it; we have said all that we can upon the subject"? It seems to me that it cannot be so, and it is not necessary to cite authorities upon the subject. The authority is in the statute. Can the court make the order? Can it require the bankrupt to disclose? It is said that all that can be done is, if the bankrupts have stated what is untrue, that they can be prosecuted criminally. I answered during the argument, and I repeat now, a criminal prosecution does not pay the claims of the creditors.

The creditors have a right to all the property of the bankrupt, and it is a poor comfort to them to be told that the bankrupt can hide his property, and for such concealment, or for giving false evidence in relation to the property, he can be prosecuted criminally.

I cannot doubt therefore, if it clearly appeared that the bankrupts spirited away prop-

erty to the amount of $20,000, that the court was not deprived of the right to punish them for the non-disclosure of the facts in the case, because they have stated they have told all they know about it.

I cannot look into this evidence. It is not all before me; I, therefore, cannot say, in this inquiry, whether or not the opinion of the court upon the evidence was well founded. I have to take the conclusion of the court upon that subject, and, if that conclusion was right, I can have no doubt of the authority of the court to make the order which was made. Undoubtedly, wherever it satisfactorily appears that the bankrupts have made a full disclosure, the imprisonment would be unlawful; and if, instead of bringing a writ of habeas corpus, the parties had asked this court to review the decision of the district court upon the evidence before it, then this court could determine whether the conclusion of the district court upon the evidence was correct or not; whether, in other words, it did satisfactorily appear that the bankrupts had not made a full disclosure.

The objection is made that it may be difficult, if not impossible, to satisfy the court; the answer to all which is, that there must be placed, somewhere, a power to judge of this. The law has placed it in the district court, its action, of course, subject to review by this court. There must always be a last resort for the determination of legal questions; and in all litigation the court must be satisfied in order to decide. And so, in this case, whether or not the parties have made a full disclosure, whether or not they are subject to punishment, are questions for the district court in the first instance to decide; and there is no other or greater objection in this case than there is in any other case where questions come up for decision in the course of litigation.

But as I said during the progress of the argument, my desire is to have the parties make a full disclosure of all the facts within their knowledge, if they have not, and I think the case is a little different from the position of an ordinary writ of habeas corpus, and as this is a case under the bankrupt law, that the court may possess more power over the real controversy in this case than exists generally where applications are made for such writs; therefore I shall direct the district court to allow these parties to go before the register, and to be re-examined by him, and to have the register report, as the result, his opinion whether or not, upon all the facts, they have made a full disclosure of what they know.

I think, perhaps, that under ordinary circumstances, the true rule would have been in such a case, where the attachment for contempt was issued, and the parties appeared before the court, for the court itself to examine them, and satisfy itself upon the examination whether or not they had made a full disclosure.

But, as I have said before, I infer that the parties had taken their position and had resolved that they would not say anything more upon the subject, but would stand upon what they considered their reserved rights.

I shall therefore not discharge these parties upon this writ, but refer the case back to the district court with the direction that I have stated; then, if they are dissatisfied with any order which the district court may make, they can bring it for revision to this court.